UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
TERRE HAUTE DIVISION

| | | |
|---|---|---|
| LARRY DEFFENBAUGH, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | No. 2:17-cv-00149-JMS-MJD |
| THOMAS R. KANE, ACTING DIRECTOR OF THE BUREAU OF PRISONS, in his official capacity, | ) ) ) ) ) | |
| Defendant. | ) | |

**Entry Granting Defendant's Unopposed Motion for Summary Judgment on Exhaustion and Directing Entry of Final Judgment**

**I. Background**

Plaintiff Larry Deffenbaugh ("Mr. Deffenbaugh") is a federal prisoner who at all relevant times has been confined at the Federal Prison Camp ("FPC") in Terre Haute, Indiana. Mr. Deffenbaugh filed his complaint on April 3, 2017, against the Director of the Bureau of Prisons ("BOP"), in his official capacity. Mr. Deffenbaugh brings this action under the Administrative Procedures Act ("APA"), 5 U.S.C. §§ 702, 706. As recited in the Court's screening Entry, dkt. 3, Mr. Deffenbaugh alleges that the BOP has denied him placement into a halfway house, home confinement, or Residential Reentry Center ("RRC") to which he alleges he is entitled, 18 U.S.C. § 3621(b), and that he has been denied individual review in violation of 18 U.S.C. § 3624(c) (the "Second Chance Act").

The defendant moved for summary judgment seeking resolution of the claim against it on the basis that Mr. Deffenbaugh failed to exhaust his available administrative remedies. Mr. Deffenbaugh has not opposed the motion for summary judgment.

For the reasons explained in this Entry, the defendant's unopposed motion for summary judgment, dkt. [18], must be **granted.**

## II. Legal Standards

Summary judgment should be granted "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to a judgment as a matter of law." *Fed. R. Civ. P.* 56(a). A "material fact" is one that "might affect the outcome of the suit." *Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 248 (1986). A dispute is genuine only if a reasonable jury could find for the non-moving party. *Id.* If no reasonable jury could find for the non-moving party, then there is no "genuine" dispute. *Scott v. Harris,* 550 U.S. 372, 380 (2007). The Court views the facts in the light most favorable to the non-moving party and all reasonable inferences are drawn in the non-movant's favor. *Ault v. Speicher*, 634 F.3d 942, 945 (7th Cir. 2011).

"The applicable substantive law will dictate which facts are material." *National Soffit & Escutcheons, Inc., v. Superior Systems, Inc.,* 98 F.3d 262, 265 (7th Cir. 1996) (citing *Anderson,* 477 U.S. at 248). The substantive law applicable to the motion for summary judgment is the Prison Litigation Reform Act ("PLRA'"), which requires that a prisoner exhaust his available administrative remedies before bringing a suit concerning prison conditions. 42 U.S.C. § 1997e(a); *see Porter v. Nussle,* 534 U.S. 516, 524-25 (2002). "[T]he PLRA's exhaustion requirement applies to all inmate suits about prison life, whether they involve general circumstances or particular episodes, and whether they allege excessive force or some other wrong." *Id.* at 532 (citation omitted).

"Proper exhaustion demands compliance with an agency's deadlines and other critical procedural rules because no adjudicative system can function effectively without imposing some orderly structure on the course of its proceedings." *Woodford v. Ngo,* 548 U.S. 81, 90-91 (2006)

(footnote omitted); *see also Dale v. Lappin,* 376 F.3d 652, 655 (7th Cir. 2004) ("In order to properly exhaust, a prisoner must submit inmate complaints and appeals 'in the place, and at the time, the prison's administrative rules require.'") (quoting *Pozo v. McCaughtry,* 286 F.3d 1022, 1025 (7th Cir. 2002)). "In order to exhaust administrative remedies, a prisoner must take all steps prescribed by the prison's grievance system." *Ford v. Johnson,* 362 F.3d 395, 397 (7th Cir. 2004).

Because exhaustion of administrative remedies is an affirmative defense, the burden of proof is on the defendant to demonstrate that Mr. Deffenbaugh failed to exhaust all available administrative remedies before he filed this suit. *Kaba v. Stepp*, 458 F.3d 678, 681 (7th Cir. 2006). The defendant's motion for summary judgment, brief in support, and Rule 56 notice were served on Mr. Deffenbaugh on or about September 26, 2017. As noted, no response has been filed, and the deadline for doing so has passed.

The consequence of Mr. Deffenbaugh's failure to respond is that he has conceded the defendant's version of the facts. *Smith v. Lamz,* 321 F.3d 680, 683 (7th Cir. 2003) ("[F]ailure to respond by the nonmovant as mandated by the local rules results in an admission."); *see* S.D. Ind. Local Rule 56-1 ("A party opposing a summary judgment motion must . . . file and serve a response brief and any evidence . . . that the party relies on to oppose the motion. The response must . . . identif[y] the potentially determinative facts and factual disputes that the party contends demonstrate a dispute of fact precluding summary judgment."). This does not alter the standard for assessing a Rule 56(a) motion, but does "reduc[e] the pool" from which the facts and inferences relative to such a motion may be drawn. *Smith v. Severn,* 129 F.3d 419, 426 (7th Cir. 1997).

## III. Discussion

### A. Undisputed Facts

Accordingly, the following facts, unopposed by Mr. Deffenbaugh and supported by admissible evidence, are accepted as true:

The BOP has promulgated an administrative remedy system which appears at 28 C.F.R. § 542.10, *et seq.*, and BOP Program Statement 1330.18, Administrative Remedy Program ("P.S. 1330.18"), which was in effect at FPC Terre Haute during the entire time that Mr. Deffenbaugh has been housed there. The BOP has no record that Mr. Deffenbaugh initiated the administrative remedy process related to any request to be considered for RRC placement or home detention, or any other issue related to the Second Chance Act. Dkt. 18-1, ¶ 4. Specifically, Mr. Deffenbaugh has not filed a BP-9, a BP-10 or a BP-11 alleging issues related to consideration for RRC placement or home confinement. *Id*.

Although Mr. Deffenbaugh has submitted 16 administrative remedies since March 14, 2014, none of them relate to RRC placement, home confinement, or requests for consideration under the Second Chance Act. *Id.*; dkt. 18-5. Rather, they relate to issues such as having his "religious diet restored," dkt. 18-5, at 2, changing his medical care level, *id.* at 3, requesting cancellation of a reclassification and transfer in 2015, *id.* at 5, "not receiving meds in accordance with manufacture," *id.* at 6, "not receiving medical treatment of infected leg," *id.* at 7, "request to remain taking Xarelto," *id.* at 7, and "delay in consult with cardiologist," *id.* at 8. Mr. Deffenbaugh has not initiated or exhausted an administrative remedy related to any request for placement in an RRC or home confinement. Dkt. 18-1, ¶ 5.

B.  Analysis

Mr. Deffenbaugh has not opposed the facts presented by the defendant. The exhaustion requirement applies to APA claims. *See Richmond v. Scibana,* 387 F.3d 602, 607 (7th Cir. 2004); *Staadt v. Bezy,* 119 Fed. Appx. 784 (7th Cir. Dec. 16, 2004). It is undisputed that Mr. Deffenbaugh did not begin, much less complete, the exhaustion process prior to filing this action.

The consequence of Mr. Deffenbaugh's failure to exhaust his administrative remedies, in light of 42 U.S.C. § 1997e(a), is that this action must be dismissed without prejudice. *See Ford v. Johnson,* 362 F.3d 395, 401 (7th Cir. 2004) (holding that "*all* dismissals under § 1997e(a) should be without prejudice.").

### IV. Conclusion

Mr. Deffenbaugh did not complete the exhaustion process before filing this action. For the above reasons, the defendant's motion for summary judgment, dkt. [18], is **granted.** Final judgment consistent with this Entry shall now issue.

**IT IS SO ORDERED.**

Date: 12/1/2017

*[signature]*
Hon. Jane Magnus-Stinson, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

LARRY DEFFENBAUGH
76203-083
TERRE HAUTE - USP
Inmate Mail/Parcels
P.O. BOX 33
TERRE HAUTE, IN 47808

Shelese M. Woods
UNITED STATES ATTORNEY'S OFFICE (Indianapolis)
shelese.woods@usdoj.gov